IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-00514-RBJ

DEANNA GORDON,

    Plaintiff,

v.

DONALD RICE,

    Defendant.

---

MINUTE ORDER

---

Entered by Judge R. Brooke Jackson on December 17, 2014

    The Court has reviewed the Defendant's Motion to Compel Releases and/or Records at Docket #29 and the Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendant's Motion to Compel Releases and/or Records at Docket #34.

    The Court denies the motion to compel [#29] and finds that the motion for extension of time [#34] is moot. The Court is denying the motion to compel for procedural reasons. It does not appear to the Court that the defendant complied with local rule 7.1A. Paragraph 1 of the motion to compel [#29] indicates that the parties have exchanged correspondence and emails. That is not compliance. The rule creates a duty to <u>confer</u>. Having said that, I also note the following. A 29-page motion to compel in a simple auto accident case, supported by 254 pages of exhibits, is overkill. However, a plaintiff who brings a personal injury case must produce all medical records related to treatment of the injuries and any pre-existing similar injuries. The Court will view her obligation to produce medical information broadly. Also, she generally must

produce employment and financial records that are relevant to her claim for lost earnings. The personal information in the records may be produced subject to a protective order, e.g., that the defendant may use them only for purposes of this case and must return or destroy the records when the case is concluded. But, there should be no reluctance to produce medical and financial records, and the Court will consider sanctions for failure to make reasonable responses to discovery in that regard. The Court orders counsel to confer, either in person (the best way; for example, you could meet for coffee or lunch) or, at a minimum, by telephone, before December 31, 2013. The Court further orders counsel to cooperate in good faith in terms of (1) what records and information defendant truly needs; and (2) full and complete production of records that are relevant to plaintiff's damages claims. If, after that process, defendant still needs to file a motion to compel, it will be due on January 3, 2014 and limited to 10 pages. Plaintiff's response will be due on January 10 and limited to 10 pages. Defendant's reply will be due January 15 and limited to three pages.